1   LAW OFFICES OF BRANDON A. BLOCK
    A PROFESSIONAL CORPORATION
2   BRANDON A. BLOCK (Cal. Bar No. 215888)
    brandon@bblocklaw.com
3   9440 Santa Monica Boulevard, Suite 301
    Beverly Hills, California 90210
4   Telephone:  424.600.9454
    Facsimile:424.600.9631
5
    Attorneys for Plaintiff
6   MICHAELA PAMA

7

8                       UNITED STATES DISTRICT COURT

9                      NORTHERN DISTRICT OF CALIFORNIA

10

11  MICHAELA PAMA,                      Case No. 3:23-cv-6482

12            Plaintiff,                **COMPLAINT FOR WRONGFUL
                                        REPOSSESSION IN VIOLATION OF
13         vs.                          THE SERVICEMEMBERS CIVIL
                                        RELIEF ACT**
14  REDWOOD CREDIT UNION; and
    DOES 1 through 10, inclusive,       DEMAND FOR JURY TRIAL
15
              Defendants.
16

17

18        Plaintiff Michaela Pama alleges as follows:

19                        **JURISDICTION AND VENUE**

20        1.      This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331

21  and 50 U.S.C. § 4041. This Court has supplemental jurisdiction over the state law

22  claims pursuant to 28 U.S.C. § 1367.

23        2.      Venue is proper in this District under 28 U.S.C. § 1391(b) because it is

24  a district in which (i) any defendant resides and all defendants are residents of

25  California, and (ii) a substantial part of the events or omissions giving rise to

26  plaintiff's claims occurred, or substantial part of property that is the subject of the

27  action is situated.

28

                                        1
                                   COMPLAINT

## PARTIES

3.      Plaintiff is an individual over the age of 18 and a citizen of California.

4.      Defendant Redwood Credit Union ("RCU") is a credit union with its principal place of business in Santa Rosa, California. RCU's business includes providing financing to purchasers of motor vehicles under conditional sales contracts and/or servicing such contracts.

5.      Plaintiff doesn't know the true names, identities, and capacities of Does 1 through 10, inclusive. Plaintiff, therefore, sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities, and capacities of the Doe defendants when plaintiff discover such information.

## APPLICABLE LAW

6.      This case concerns defendants' violation of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901, et seq. ("SCRA"). Congress enacted the SCRA to provide for, strengthen, and expedite the national defense by enabling servicemembers of the United States to devote their entire energy to the defense needs of the Nation, and to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service. 50 U.S.C. § 3902.

7.      The SCRA provides, at 50 U.S.C. § 3952(a)(1), that a motor vehicle serving as security under a purchase contract with a servicemember who has entered military service may not be repossessed without a court order. A member of a reserve component who is ordered to report for military service is entitled to the rights and protections of § 3952(a)(1) during the period beginning on the date of the member's receipt of the order and ending on the date on which the member reports for military service. Id., § 3917.

## OPERATIVE FACTS

8.      Plaintiff purchased a motor vehicle, as defined in 49 U.S.C. § 30102(a)(6), for personal, family or household purposes from a car dealership in

San Mateo. Plaintiff made a downpayment towards the purchase, and the remaining balance was financed pursuant to a retail installment sale contract, which the selling dealership assigned to RCU.

9.      Plaintiff is a member of the United States Army Reserve. On November 7, 2023, plaintiff received an order to report for military service (annual training duty). When plaintiff received the order, she had made at least one installment payment to RCU under her contract.

10.      Prior to plaintiff reporting for military service, RCU unlawfully repossessed plaintiff's vehicle on November 13, 2023 at her residence in San Francisco without a court order. Plaintiff has provided proof to RCU that she was covered by the SCRA at the time of the repossession. Still, RCU has knowingly and wrongfully refused to return plaintiff's car.

11.      Plaintiff has suffered damages because of defendants' unlawful conduct, including lost use of her vehicle, transportation costs, and emotional distress, all in amounts subject to proof.

## FIRST CLAIM FOR RELIEF – VIOLATIONS OF THE
## SERVICEMEMBERS CIVIL RELIEF ACT
### (Against All Defendants)

12.      Plaintiff realleges and incorporates herein by reference all the above allegations.

13.      Defendants violated the SCRA by repossessing plaintiff's vehicle on November 13, 2023 without a court order.

14.      Plaintiff is entitled to a declaration that the repossession was unlawful, and injunctive relief barring defendants from reporting the repossession to any credit reporting agency, pursuant to 50 U.S.C. § 4041(a)(1).

15.      Plaintiff is entitled to recover all appropriate relief, including monetary damages according to proof, pursuant to 50 U.S.C. § 4041(a)(2).

16.      Plaintiff is entitled to recover her attorney's fees and costs pursuant to

3

50 U.S.C. § 4042(b).

WHEREFORE, plaintiff prays for relief as set forth below.

## SECOND CLAIM FOR RELIEF – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### (Against All Defendants)

17.     The California Legislature enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, et seq. ("Rosenthal Act"), to ensure the integrity of our banking and credit industry, finding that "unfair or deceptive debt collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers." Id. §§ 1788.1(a)(2) & 1788.1(b).

18.     Plaintiff is a "debtor" within the meaning of Civil Code § 1788.2(h) in that she is a natural person from whom defendants sought, directly or indirectly, to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean "money, property or their equivalent which is due or owing or alleged to be due or owing from a natural person to another person." Id. § 1788.2(d).

19.     Defendants are "debt collectors" within the meaning of California Civil Code § 1788.2(c), in that they regularly and in the ordinary course of business, on behalf of themselves or others, directly or indirectly engage in acts and practices in connection with the collection of money or property which is due or alleged be due or owing by reason of a consumer credit transaction.

20.     Defendants violated Civil Code § 1788.10(a) by using, or threatening to use, any criminal means to cause harm to the person, or the reputation, or the property of any person. Defendants committed a misdemeanor under 50 U.S.C. § 3952(b) by knowingly repossessing and maintaining possession of plaintiff's vehicle.

21.     Defendants violated the following provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), incorporated into the Rosenthal Act at Civil Code § 1788.17, thereby entitling plaintiff to the remedies in 15 U.S.C. § 1692k:

- 15 U.S.C. § 1692d, by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;
- 15 U.S.C. § 1692(d)(1), by using criminal means to harm the property of plaintiff, as alleged herein;
- 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect a debt; and
- 15 U.S.C. § 1692f(6), by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to possession of the property claimed as collateral through an enforceable security interest, as alleged herein.

22.     As a direct and proximate result of defendants' violations of the Rosenthal Act, plaintiff has been damaged in amounts that are subject to proof.

23.     Plaintiff is entitled to recover her actual damages pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, Civil Code § 1788.30(a).

24.     Defendants' violations of the Rosenthal Act were willful and knowing. Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(2)(A), and Civil Code § 1788.30(b).

25.     Plaintiff is entitled to recover her attorney's fees and costs pursuant to Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, Civil Code § 1788.30(c).

WHEREFORE, plaintiff prays for relief as set forth below.

## THIRD CLAIM FOR RELIEF – CONVERSION

### (Against All Defendants)

26.     Plaintiff realleges and incorporates herein by reference all the above allegations.

27.     At all times relevant, plaintiff was entitled to immediate possession of her vehicle. Defendants have unlawfully deprived plaintiff of possession of the vehicle by wrongfully taking and retaining it without any right to do so.

28.     As a direct and proximate result of defendants' conversion, plaintiff has been damaged in amounts which are subject to proof.

29.     Plaintiff is entitled to recover punitive damages from defendants an amount according to proof for defendants' conversion, to punish defendants for the conduct that harmed plaintiff and to discourage similar conduct in the future. Defendants acted with oppression, fraud or malice, within the meaning of California Civil Code § 3294. Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud, or malice, had advance knowledge of the unfitness of the employees who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.     Actual damages;

2.     The maximum statutory damages allowed by law;

3.     The maximum punitive damages allowed by law;

4.     Declaratory relief;

5.     Injunctive relief;

6.     Pre-judgment interest to the extent permitted by law;

7.     An award of plaintiff's attorney's fees, costs, and expenses incurred in the investigation, filing and prosecution of this action; and

8.    For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: December 15, 2023        LAW OFFICES OF BRANDON A. BLOCK
                                A PROFESSIONAL CORPORATION

                                /s/ Brandon A. Block
                                Brandon A. Block

                                Attorneys for Plaintiff
                                MICHAELA PAMA

COMPLAINT